IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| USAMERIBANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-541-WKW |
| | ) | [WO] |
| PLANTATION OAKS | ) | |
| HOMEOWNERS | ) | |
| ASSOCIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

In this declaratory judgment action, Plaintiff USAmeriBank complains that Defendant Plantation Oaks Homeowners Association, Inc., has managed to cast a cloud upon title to some of Plaintiff's property. (Doc. # 1, at 10). But a different cloud looms over Plaintiff: 28 U.S.C. § 1332's amount in controversy requirement.

Plaintiff obtained several undeveloped lots in the Plantation Oaks Subdivision via foreclosure sale after the developer of the subdivision defaulted on its mortgage to Plaintiff. Plaintiff is concerned that various restrictive covenants—some of which may give rights to Defendant with regard to the development of the lots—cloud its title to the lots. Plaintiff filed this action seeking a declaration that its title is free from any encumbrances resulting from these covenants. Defendant and Plaintiff filed motions for summary judgment. (Docs. # 16, 17.) Defendant further filed an

objection to portions of an affidavit offered by Plaintiff (Doc. # 21), which was construed as a motion to strike portions of the affidavit.

Upon finding that Plaintiff has failed to show that the amount in controversy exceeds $75,000, as required by § 1332, the Magistrate Judge entered a Recommendation (Doc. # 30) that Defendant's Motion for Summary Judgment (Doc. # 16) be granted and that the case be dismissed without prejudice. The Magistrate Judge further found that Defendant's motion to strike portions of an affidavit (Doc. # 21) is due to be granted upon finding that some of the statements in the affidavit are inadmissible hearsay. Plaintiff timely filed an objection to the Recommendation (Doc. # 32), to which Defendant responded (Doc. # 33).

Although Plaintiff quibbles with portions of the Recommendation's recitation of the undisputed facts (Doc. #32, at 2–4), Plaintiff's objection focuses on the Recommendation's determination that Plaintiff has not met the amount in controversy requirement. Upon an independent and *de novo* review of the record and the Recommendation, Plaintiff's objections are due to be overruled, and the Recommendation is due to be adopted, as modified below.

## I. JURISDICTION AND VENUE

At issue is whether Plaintiff has carried its burden of proving that this court may exercise subject-matter jurisdiction in this original diversity case. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

Defendant first challenged the sufficiency of Plaintiff's subject-matter jurisdiction allegations in its answer to Plaintiff's complaint (Doc. # 6, at 1), but Defendant offered a more robust challenge at the summary-judgment stage (Doc. # 16, at 7–9). The court will construe that aspect of Defendant's Motion for Summary Judgment as a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A federal court cannot grant a motion for summary judgment if it lacks subject-matter jurisdiction because the court would lack the ability to enter any judgment on the merits. *See Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003). This court has an obligation to dismiss claims for want of subject-matter jurisdiction, "*sua sponte* if necessary, pursuant to Fed. R. Civ. P. 12(h)(3)." *Id.* But because the parties have fully briefed

this jurisdictional issue (Docs. # 16, 23, 32, 33), the court will analyze it under the framework used to analyze motions to dismiss pursuant to Rule 12(b)(1).

A party can challenge the district court's subject-matter jurisdiction on either facial or factual grounds. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Id.* (citing *Morrison*, 323 F.3d 920, 925 n.5). "Factual attacks," on the other hand, "challenge jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925 n.5 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529 (citation omitted).

Defendant's challenge is a factual attack, as it addresses the sufficiency of the evidence in the record on this issue. *See, e.g.*, *Morrison*, 323 F.3d at 925 n.5. Accordingly, "no presumptive truthfulness attaches to [P]laintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence*, 919 F.2d at 1529 (citation omitted). Plaintiff bears the burden of proving jurisdiction and must do so

by a preponderance of the evidence. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted).

## III. DISCUSSION

The Recommendation focused on the question whether Plaintiff had carried its burden of proving that the amount in controversy in this declaratory judgment action was greater than $75,000. In doing so, the Recommendation found that some of the statements in an affidavit submitted by Plaintiff were inadmissible hearsay that were due to be struck. (Doc. # 30, at 12–13.) Because Plaintiff does not object to that finding (Doc. # 32, at 4 n.1), only three pieces of admissible evidence offered by Plaintiff related to the amount in controversy remain: (1) the amount the original developer owed to Plaintiff secured by a mortgage on the property, (2) the price listed on Plaintiff's foreclosure deed, and (3) the price at which Plaintiff had negotiated to sell the lots to another developer before that developer backed out of the deal. (Doc. # 23, at 14; Doc. # 30, at 8; Doc. # 32, at 13–15). That evidence is sufficient, Plaintiff argues, to show that Plaintiff has met the amount in controversy requirement. In the Recommendation's view, which Defendant shares, that evidence at best provides only half of the equation for calculating the amount in controversy in this case, and Plaintiff's refusal to make a showing as to the other half makes it impossible for Plaintiff to carry its burden of proving the amount in controversy.

5

Plaintiff helpfully invokes the property law cliché of sticks in a bundle of property rights (Doc. # 32, at 3, 11), but Plaintiff seems to misunderstand how that cliché applies to this action. Plaintiff's insistence that the amount in controversy is simply the value of its lots strongly suggests that Plaintiff believes it is seeking to reclaim the whole bundle of rights related to its ownership of the lots. In reality, however, Plaintiff seeks to reclaim only the particular sticks denied to Plaintiff because of the alleged cloud on its title caused by the restrictive covenants.

The value of those sticks provides the appropriate measure for the amount in controversy in this declaratory judgment action. As the Recommendation correctly noted:

> "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." In other words, "the value of the injunctive or declaratory relief for amount in controversy purposes 'is the monetary value of the object of the litigation that would flow to the plaintiff if the injunction were granted.'"

(Doc. # 30, at 8 (first quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); then quoting *Fastcase, Inc. v. Lawriter, LLC*, 229 F. Supp. 3d 1301, 1305 (N.D. Ga. 2017)).) Here, the benefit that would flow to Plaintiff if it received the declaratory relief it seeks would be that the cloud the restrictive covenants have cast on its title to the lots would be lifted. The Recommendation framed the value of this

benefit as "the difference between the value of the property with the [restrictive] covenants . . . and the value of the property without the covenants at issue." (Doc. # 30, at 11–12.)

Put another way, the declaratory relief Plaintiff seeks would theoretically improve the title Plaintiff already has. The evidence Plaintiff has submitted—the amount the original developer owed Plaintiff secured by a mortgage on the property, the price listed on Plaintiff's foreclosure deed, and the price Plaintiff had negotiated with another developer for a sale of the property that ultimately did not come to fruition—speaks only to the value of the title Plaintiff already has. Plaintiff has failed to offer any evidence of how that value would increase as a result of the declaratory judgment it seeks. That increase may very well exceed $75,000, in which case 28 U.S.C § 1332's amount in controversy requirement would be met and this court would have jurisdiction over this action.

But the amount of that increase remains a complete mystery in the record. Rather than offer any evidence of that amount (even in the alternative or for the sake of argument), Plaintiff has continually insisted on contesting the appropriate measure of the amount in controversy. (Doc. # 23, at 11–15; Doc. # 32, at 6–10.) Indeed, Plaintiff's objection is centered on its attempts to distinguish most of the

cases cited in the Recommendation on this issue. (Doc. # 32, at 4–10.) Those attempts fail to address that which remains a mystery.

In sum, Plaintiff has failed to meet its burden of proving the amount in controversy requirement has been met, and this case is due to be dismissed for want of jurisdiction.

## V. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 30) is ADOPTED as modified herein;

2. To the extent Defendant seeks to strike certain portions of Mike Carter's affidavit (Doc. # 18, Exhibit H), the motion to strike (Doc. # 21) is GRANTED;

3. Plaintiff's objections (Doc. # 32) are OVERRULED;

4. This case is DISMISSED without prejudice for lack of subject-matter jurisdiction;

A final judgment will be entered separately.

DONE this 12th day of September, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE